above excerpt from the Miller case. See also Gleghorn v. State, Tex.Cr.App., 182 S.W.2d 920; Art. 316, sec. 4, Vernon's Ann.Tex.C.C.P.

Appellant also called to the trial court's attention a paragraph in the charge to the jury wherein it was told in substance that it was necessary that the tax due the State on the liquor should have been paid in Garza County. We are not aware that the payment of a tax on intoxicating liquor requires that such payment shall be made in the county where the liquor may be found. It is merely required that the tax be paid to the State.

Because of the defective affidavit and search warrant, testimony as to what was found upon such search was not admissible herein. See Art. 727a, Vernon's Ann. C.C.P.

The judgment will be reversed and the cause remanded.

## RUTHERFORD v. STATE.
### No. 23482.

Court of Criminal Appeals of Texas.

Nov. 13, 1946.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted on a charge of cattle theft and assessed a penalty of two years in the penitentiary.

The record is before us without a statement of facts or bills of exception. There is nothing presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.